UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
PAMELA A. MELIA, : CASE NO. 1:18 CV 1182
:
    Plaintiff, :
:
vs. : OPINION & ORDER
:
BANK OF NEW YORK MELLON FKA :
BANK OF NEW YORK, *et al*., :
:
    Defendants. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

**Background**

This is a fee-paid civil action filed by *pro se* plaintiff Pamela A. Melia pertaining to a mortgage foreclosure. (Doc. No. 1.) In 2005, the plaintiff, a "dual resident" of Ohio and Florida, purchased property located at 17381 Stepping Stone Drive, Fort Myers in Lee County, Florida with a Note and Mortgage. (*Id*. at ¶¶ 16-20.) The plaintiff executed the Note in the principal amount of $353,700.00 in favor of Wilmington Finance, a Division of AIG Federal Savings Bank (Wilmington). The Mortgage securing payment of the Note was executed in favor of Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Wilmington.

The Note and Mortgage were subsequently transferred and assigned. Wilmington executed an allonge to the Note in favor of BAC Home Loans Servicing, LP, (BAC) a successor to Countrywide Home Loans, Inc. The Mortgage was assigned to the Bank of New York Mellon fka the Bank of New York, as Trustee for the Benefit of the Certificateholders, CWABS, Inc., Asset-Backed Certificates, Series 2006-BC3 (BONY).

Case No. 1:18CV01182
Gwin, J.

In 2012, BONY filed foreclosure proceedings against plaintiff for nonpayment of her obligations under the Note in the Circuit Court for Twentieth Judicial Circuit in and for Lee County, Florida. The case proceeded to trial on January 18, 2017, and the Florida court gave a final judgment of foreclosure against the plaintiff the same day.

On May 22, 2018, the plaintiff filed this lawsuit against Wilmington, MERS, BAC, BONY, Ditech Financial LLC (Ditech), and Bayview Loan Servicing, LLC (Bayview), challenging the validity of her loan and the propriety of the foreclosure. She alleges that the original lender Wilmington "illegally, deceptively and/or otherwise unjustly, qualified [her] for a loan which Wilmington knew or should have known [she] could not qualify for or afford." (Doc. No. 1 at ¶ 22.)

Additionally, Plaintiff challenges the subsequent transfer and securitization of her loan. She claims that the "originating lender, and others alleged to have ownership, have unlawfully sold, assigned and/or transferred their ownership and security interest in the Promissory Note and Deed of Trust related to the property, and, thus, do not have lawful ownership or a security interest." (*Id.*, ¶ 2.) Alleging state-law claims (for lack of standing to foreclose, fraud in the concealment, fraud in the inducement, quiet title, intentional infliction of emotional distress, and slander of title) and federal claims under the Truth in Lending and Real Estate Settlement Procedures Acts, the plaintiff seeks damages, restitution, rescission, and orders in this case declaring that the defendants have no "enforceable or unsecured claim" against her property. (*See id.* at 29-33, Prayer for Relief.)

Bayview, BONY, and MERS have filed a Motion to Dismiss the plaintiff's complaint under Fed. R. Civ. P. 12(b)(6). (Doc. No. 10). Bank of America N.A. (successor by merger to BAC) and Ditech have filed a Motion for Judgment on the Pleadings (Doc. No. 21). In addition to arguing that the plaintiff's complaint fails to state plausible claims for relief, the moving

defendants contend the plaintiff's complaint must be dismissed because her claims are barred by *res judicata* and the *Rooker-Feldman* doctrine. For the reasons stated below, the moving defendants' motions are granted, and the plaintiff's action is dismissed.

## Standard of Review

Although *pro se* pleadings are liberally construed and held to less stringent standards than pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* plaintiffs are not exempt from the requirements of the Federal Rules of Civil Procedure. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Under Fed. R. Civ. P. 12(b)(6), a complaint is subject to dismissal if it fails to state claim upon which relief can be granted. To survive a dismissal for failure to state a claim, a complaint must present enough facts "to state a claim to relief that it is plausible on its face" when all of its factual allegations are presumed true and all reasonable inferences are drawn in the non-moving party's favor. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008).

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard for evaluating a motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Cole v. EV Properties, L.P.*, Case No. 4: 12 CV 1923, 2013 WL 1633649, at *1 (N.D. Ohio 2013).

Further, "[i]t is well-established that the federal courts are under an independent obligation to examine their own jurisdiction." *Kusens v. Pascal Co., Inc.*, 448 F.3d 349, 359 (6th Cir. 2006). Federal district courts "may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Case No. 1:18CV01182
Gwin, J.

**Analysis**

Upon review, the Court finds the defendants' motions well-taken and that the plaintiff's complaint must be dismissed.

First, to the extent the plaintiff seeks in this case to overturn the Florida foreclosure action judgment , the plaintiff's claims are barred by the *Rooker-Feldman* doctrine, which provides that "lower federal courts lack subject matter jurisdiction to review the decisions of state courts." *See Givens v. Homecomings Financial*, Case No. 07-2359, 278 F. App'x 607, 2008 WL 2121008, at \* 1 (6th Cir. May 20, 2008). *Rooker-Feldman* precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id*., citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 284 (2005).

The Court cannot grant the plaintiff's requested relief without disturbing the Florida state court's judgment. In effect, the relief she seeks requires the Court to overturn the Florida court's judgment of foreclosure; therefore, the Court lacks subject-matter jurisdiction over her claims under the *Rooker-Feldman* doctrine. *See Kafele v. Lerner, Sampson & Rothfuss, L.P.A*., 161 F. App'x 487, 490 (6th Cir. 2005) (affirming dismissal of claims asserted in federal court resting on premise that state foreclosure judgment was invalid). To the extent the plaintiff wishes to appeal the decision of the Florida court, she must do so in the Florida courts.

Further, even if not barred by *Rooker-Feldman*, the plaintiff's claims are barred by the doctrine of *res judicata* to the extent they were or could have been raised in the Florida foreclosure action. *Res judicata* provides that "a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in a prior action." *In re Alfes v. Educational Credit Mgmt. Corp.*, 709 F.3d 631, 638 (6th Cir. 2013); *Shore v. Wilmington Trust, N.A. for MFRA Trust* 2015-1, Case No. 16-25373, 2017 WL 1494509, at \*3

Case No. 1:18CV01182
Gwin, J.

(S.D. Fla. 2017) (applying Florida law). Under the doctrine, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997).

A second suit is stopped when there is: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) the second action raises claims that were or could have been litigated in the first action; and (4) the second action arises out of the transaction or occurrence that was the subject matter of the first. *Id.; In re Tomasevic*, 275 B.R. 86, 97 (Bkrtcy. M.D. Fla. 2001) (applying Florida law).

These *res judicata* criteria are satisfied. A Florida state judgment of foreclosure was entered against the plaintiff in connection with her mortgage and property; (2) this lawsuit involves the same parties or their privies as the state foreclosure action; (3) the plaintiff could have asserted her claims in this case in the state action; and (4) her claims arise out of the same "transaction or occurrence" as the Florida action, *i.e.*, her mortgage loan transaction and BONY's entitlement to foreclose on her property.

No matter how the plaintiff has labelled her claims, they come down to one premise, that BONY did not have a valid and enforceable claim to and was not entitled to foreclose on her property. That issue, however, was necessarily decided by the Florida state court by entering a judgment of foreclosure. *See, e.g., Givens*, 278 F. App'x 607 at 609 (*Res judicata* stops a Fair Debt Collection Practices Act action brought against mortgagee after state court granted mortgagee possession of residence after the mortgagor's mortgage default.). Accordingly, the plaintiff's claims in this case are barred. *See, e.g., Clark v. Lender Processing Serv., Inc.*, 949 F. Supp. 2d 763, 773-74 (N.D. Ohio 2013) (holding that *res judicata* barred mortgagor's claims under the

Case No. 1:18CV01182
Gwin, J.

FDCPA and Ohio's Consumer Sales Practices Act where there was a prior, final decision on the merits in an underlying state foreclosure action).

**Conclusion**

For the reasons stated above, the moving defendants' motions to dismiss the plaintiff's complaint and for judgment on the pleadings are granted, and the plaintiff's complaint is dismissed as against them. Although there is no indication on the docket that Wilmington was served, the complaint is dismissed as against Wilmington for the same reasons pursuant to the Court's authority established in *Apple v. Glenn*, 183 F.3d at 479. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: October 1, 2018  *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE